Lessee of GEORGE FOGLER *against* JOHN EVIG & ABRAHAM GOBACK.

One entering a location in the name of another, it shall be presumed to be for the use of the applier; but this presumption may be repelled by reputation.

A witness once entitled to lands, may prove that he transferred them to another, where his deed is lost; but a stranger shall not prove the contents of a deed, without bringing himself fully within the rules of law.

EJECTMENT of lands in Upper Paxton township. Both parties claimed under an application, filed in the land office on the 12th August, 1769, in the name of Catharine Armstrong, for 200 acres, above Galbraith's land on Armstrong's creek, then in Lancaster county.

The lessor of the plaintiff rested his pretension on a sale by Robert Armstrong, the father of the said Catharine, in 1777 (she being about sixteen years old at the time of entering the application) to Valentine Braght; a conveyance by the said Valentine Braght to Daniel Braght of 100 acres part thereof, on the 19th March 1779, and a conveyance by him to the lessor of the plaintiff on the 17th April 1779.

Goback had married Susannah, the widow of Valentine Braght, in 1789, and the said Valentine having died without issue, it was agreed, that in his right, he was entitled during her life to one moiety of the lands; but he also claimed the lands under a conveyance from William Baskens and his wife, late Catharine Armstrong, of all the lands, to his said wife Susannah, dated 23d March 1787, and a patent issued to her, dated 14th August 1789.

George Fogler having executed a release to Robert Armstrong, the latter was offered as a witness to prove, that he had entered the application in his daughter's name as aforesaid for his own use, had paid the surveying fees, and had conveyed the premises to Valentine Braght in consideration of 100*l.* which he had received from him. Fogler had made oath, that after the death of the said Valentine in 1784, he had searched for Robert Armstrong's deed amongst his papers, but could not find it. He had made no other inquiries respecting it, but swore it was lost.

The defendant's counsel excepted to the testimony of Robert Armstrong. They said, the application was designed for the daughter in the first instance, and her father shall not by his own oath, defeat it. If it is to be established as a trust for him, it must be by other testimony than his own. Neither shall he give evidence of the contents of his deed, until it has been previously shown, that due pains have been used to procure it, which have proved ineffectual.

Per Smith, J.  It has always been understood in Pennsylvania, that one entering a location in the name of another, it shall enure for the benefit of the party applying, without other proof.  So in the case of the father making applications in the names of his children, it shall be presumed to be for the use of the father.  The practice of the proprietary land office first introduced this system of taking up lands, and the effects of it have been generally understood.  I have been well informed, this point has been solemnly determined at Sunbury, May assizes, 1792, in the case of the lessee of Cornelius Cox *v*. Thomas Grant. But as this trust is founded on mere presumption, I think it may be repelled by evidence of the constant reputation of the county being opposed to it, in particular instances.  (1 Ld. Ray. 311.)  The witness is not adduced to prove the contents of a deed, but to acknowledge, that having been once entitled to the lands, he has transferred his equitable interest therein to a purchaser for a valuable consideration.  And surely, no injury can arise to any one, from the person so entitled giving testimony, when his interest is extinguished by a release.  But a stranger shall not give evidence of the contents of a deed, without bringing himself fully within the general rules of law.

Armstrong accordingly was sworn, and the jury gave a verdict for the plaintiff for one undivided moiety of the lands.

Messrs. Duncan and C. Smith, *pro quer*.
Messrs. Montgomery, Fisher and Hopkins, *pro def*.

Yeates, J., took no part in the cause, having been of counsel with the plaintiff.